IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ZERAHZHE AUTHENTIC TATE**                                                                    **PLAINTIFF**

V.                              **CASE NO. 5:24-CV-5020**

**PROSECUTING ATTORNEY MATTHEW DURRETT;
HEAD PUBLIC DEFENDER BLAKE CHANCELLOR;
PUBLIC DEFENDER CANDICE SMITH; and
DEPUTY PROSECUTING ATTORNEY MCKENNA MOORE**           **DEFENDANTS**

## ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 6) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas.  Upon preservice screening of the Complaint under 28 U.S.C. § 1915A, the Magistrate Judge recommends dismissing all claims in the original complaint because all named Defendants are immune from suit.

Plaintiff did not file any objections to the Report and Recommendation, but he did file an Amended Complaint (Doc. 7) on February 16, 2024.  The Amended Complaint adds one Defendant, Deputy Prosecuting Attorney McKenna Moore.  Plaintiff's allegations against Ms. Moore are identical to those made against Defendant Prosecuting Attorney Matthew Durrett in the original complaint.  The Amended Complaint also adds individual capacity claims against all Defendants.

Having reviewed the case *de novo*, the Court finds that the Amended Complaint is subject to dismissal for all the reasons stated in the R&R.  Claims against Defendant Moore in her official capacity are subject to dismissal for the same reason as the claims

against Defendant Durrett:  State prosecutors enjoy Eleventh Amendment immunity from suit in their official capacities.

Individual capacity claims against Defendants Moore and Durrett are also subject to dismissal because prosecuting attorneys are entitled to absolute immunity from civil suit for damages under 42 U.S.C. § 1983.  See Doc. 6 n.1.

Finally, all § 1983 claims against Defendants Chancellor and Smith—whether in their individual capacities or their official capacities—are subject to dismissal for the reasons stated in the R&R.  See Doc. 6, p. 3.

Accordingly, the R&R's reasoning for dismissing the original complaint applies equally to the claims and Defendants in the Amended Complaint and is **ADOPTED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Amended Complaint is subject to dismissal upon preservice screening for all the reasons stated in the R&R and this Order.  The case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 1st day of March, 2024.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE